## LONG v. TAYLOR.

### No. 15034.

Court of Civil Appeals of Texas.
Fort Worth.

April 15, 1949.

Rehearing Denied May 6, 1949.

Curt Stiles, Wallace B. Moore, and Earl R. Parker, all of Dallas, for appellant.

Harold B. Sanders and Alto B. Cervin, both of Dallas, for appellee.

HALL, Justice.

This is a child custody case. On December 22, 1945, appellant Madaline Taylor recovered judgment for divorce against appellee John M. Taylor, Jr., wherein the judgment recited that appellee John M. Taylor, Jr., should have the care and custody of their minor child, John Allan Taylor (referred to as Denny), six months of each year, beginning January 1, 1946, and the appellant herein was granted custody of said child for six months of each year, beginning July 1, 1946, and each party to have the usual right of visitation at reasonable and proper times while said child was in the custody of the other party.

On July 3, 1948, appellee John M. Taylor, Jr., filed an application to modify the divorce judgment pertaining to the custody of the child and prayed that he be entitled to the full custody of said child. Appellant Madaline Taylor Long, former wife of appellee, filed an answer and cross action, asking for full custody of the child.

On September 15, 1948, after a hearing of the facts a district court of Dallas County, Texas, entered an order changing the custody of said child by finding there had been a change of conditions since the former judgment was entered "and that the best interest of the child involved herein, to-wit, John Alan Taylor, will be served by granting and awarding his full custody to the defendant, John M. Taylor, Jr." (appellee herein).

Appellant appeals by presenting five points of error which may be grouped as

follows: Point (1) complains of the trial court awarding the custody of the minor child of tender years to the father, when all things being equal the natural mother of the child should have the superior right to his care and custody; (2) the court erred in basing its judgment upon testimony existing prior to the entry of the judgment of divorce; (3) judgment of the court in modifying the former judgment is contrary to the law and evidence; and (4) the court erred in not following the recommendation of the investigator, there being no exceptions or objections made to same.

Appellant requested findings of fact and conclusions of law. Such findings of fact reveal the following: That at the time of the divorce between appellant and appellee the child was almost five years of age; the father was living in the home of his parents and the boy was with him, the mother did not request his custody although under the divorce decree she was entitled to it until January 1, 1946. On April 17, 1946, Madaline Taylor married Dr. Troy F. Long and since said date Dr. and Mrs. Long have lived in Dallas County; that on July 1, 1946, when appellant was entitled to the custody of the child she did not request him from his father. That appellee married again on December 7, 1946, and that appellee immediately took said child into his home and reared him until this proceeding started. "This is Mrs. Long's third marriage. Prior to her first marriage she had one child. She later married the father of the child and still later was divorced from him, the custody being given to the father. The child, a boy now 13 years old, has never visited Mrs. Long. The last time she saw him was in 1947 in Kansas City at her sister's home. Dr. and Mrs. Long have had one child, a girl, who was 13 months old at the time of the trial. Mrs. Long has seen Denny every two weeks or once a month since the divorce from his father, and occasionally he has spent the week end with her. She did not come to see him Christmas 1946 or 1947 or send him a gift at Christmas. * * * The attitude of the parties and the testimony shows that Denny will receive greater love and affection in the home of his father than in the home of his mother. The father and stepmother are emotionally more stable and have higher moral standards than the Longs. In this connection I find that in October, 1945, just two months before her divorce *divorce* from John Taylor, Madaline Taylor wrote her husband requesting her freedom. In the letter she stated there was 'no one else at all. I have lived by myself so long and had my own money and freedom that I feel I do not want to be married to anybody.' With regard to Denny, she said she had talked to Mr. Taylor's mother and they had thought that she should have legal custody but that Mr. Taylor's mother should keep and train Denny 'for the next several years.' She then stated she 'would like a job traveling,' where she 'could see the world and lots of people.' At that time the then Mrs. Taylor was having dates with Dr. Long and had been during the time Mr. Taylor was in the Navy. Dr. Long was the doctor who had delivered the minor child involved herein."

The conclusions of law were: "I find that the best interest of the minor child, John Allan Taylor, will be served by awarding his custody to his father, John M. Taylor, Jr."

In reviewing the testimony in its most favorable light to the judgment, which substantiates a portion of the findings of fact enumerated above, we find that the court did not abuse its discretion in granting full care and custody of the child in question to appellee herein, with the right of appellant herein to have reasonable visitations with said child.

Appellant contends that since the testimony reflects that appellant's home is also suitable for children and that since the investigator made recommendation to that effect, then in that event she should have custody of the child. From the evidence above found by the court in its findings of fact, we overrule this contention. The evidence further shows that in the home of appellant there would be residing a minor child born to her and her present husband, two other children of her present husband by a former marriage, and the child in question here.

194

Mrs. John M. Taylor, Jr., wife of appellee herein, testified pertaining to the demeanor of the child after he had stayed with appellant herein as follows:

"Q And you have had him back on occasion by mutual arrangement between his mother and his father? A Yes.

"Q Have you noticed any change in his demeanor or condition since he has been gone from say the 1st of July up to now, when you have had him back in your home? A Well, it apparently seems there isn't much disciplining there, because I can see little traits—if he knew he could get by with it, he wouldn't mind me. He has always minded me and he does, but there is an inclination not to, because there has been apparently no discipline.

"Q Did he express to you he could do as he pleased? A He has more or less said that every time he has ever been over there."

The record clearly presents a case of changed conditions, and we think that the evidence is sufficient to support the judgment rendered.

Judgment affirmed.